**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON BAKER, JOHN BREWSTER, JOANN BREWSTER, MAXINE CONDON, KAREN FARRELL, BROOKS LIDDIARD, JANET LIDDIARD, JAMES MCDERMOTT, HEIDI MCDERMOTT, PAUL MOREY, DONETTA MOREY, JOE TODD, BONNIE TODD, TOM WHIPPLE and PAULINE WHIPPLE,<br><br>      Plaintiffs,<br><br>      v.<br><br>ANSCHUTZ EXPLORATION CORPORATION, CONRAD GEOSCIENCE CORPORATION, PATHFINDER ENERGY SERVICES, INC. and JOHN and JANE DOES 1 through 100,<br><br>      Defendants. | Case No. 6:11-cv-06119-CJS-JWF |

**DEFENDANT ANSCHUTZ EXPLORATION CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO PRECLUDE
PLAINTIFFS' EXPERT REPORT**

Defendant Anschutz Exploration Corporation ("AEC") moves this Court to preclude Plaintiffs' untimely expert report. This Court ordered the parties to complete expert disclosures and discovery by October 31, 2012. Without explanation, Plaintiffs have failed to comply. Such disregard for Court-ordered procedures should not be tolerated by this Court. Plaintiffs' expert report should be precluded.

## BACKGROUND

This Court's Modified Scheduling Order established procedures for the second phase of discovery in this case, including expert reports and discovery. *See* Guzman Aff., Ex. A at 1. The Order established deadlines for both Plaintiffs and Defendants.

For Plaintiffs:

- By June 15, 2012, Plaintiffs were to complete any additional sampling of Plaintiffs' water wells. *See id.*

- By August 15, 2012, Plaintiffs were required to "provide Defendants with . . . . [e]xpert opinion(s) provided by way of report(s), with supporting data and facts in the form required by Fed. R. Civ. P. 26(a)(2)(B), that establish . . . (a) the identity of each and every hazardous substance to which Plaintiffs claim exposure as a result of Defendants' activities; (b) if other than the Plaintiffs' residences, the precise location of any claimed exposure; and (c) an explanation of causation." *Id.* at 1-2. In addition, also by that date, Plaintiffs were required to provide Defendants with "[e]ach and every study, report, and analysis that contains any finding of contamination of Plaintiffs' property or at the point of each Plaintiff's claimed exposure to the extent not already provided" and "[i]dentification and quantification of contamination of Plaintiffs' real property that Plaintiffs claim is attributable to Defendants' operations." *Id.* at 2.

For Defendants:

- By July 15, 2012, Defendants were to "provide Plaintiffs with all data and documents related to [their] monitoring wells." *Id.* at 1.

- On the same date as Plaintiffs served their expert report, August 15, 2012, Defendants were to respond with their own expert report. *See id.* at 2.

The parties were then to "complete the depositions of their respective experts" by October 31, 2012. *Id.* at 2; *see also* Guzman Aff., Ex. B.

Plaintiffs have simply disregarded the Court-ordered deadlines. At the outset, Plaintiffs' counsel communicated that he had no intention of proceeding with any additional sampling of Plaintiffs' water wells, despite having represented to the Court that he would do so. *Compare* 5/1/2012 Hr'g Tr. at 20-21 (ECF No. 78) ("MAGISTRATE JUDGE FELDMAN: Aren't you going to test it? MR. KUNKLE: Yeah, of course we're going to split sample. I'm going to test for some other things."), *with* Guzman Aff., Ex. C at 1 (Mr. Kunkle informed Defendants on October 2 that he did not intend to conduct additional testing).

Then, Plaintiffs' counsel purported to extend the Court-ordered deadlines for expert disclosures without first seeking leave from the Court. On October 2, Plaintiffs' counsel initially proposed that expert reports be served on December 7, 2012, and depositions not be completed until January 31, 2013, three months after the Court's deadline for the completion of expert discovery. *See* Guzman Aff., Ex. C at 1. When Defendants advised Plaintiffs that "the parties should simply follow the Court's orders" and that they "[were] prepared to serve their [expert] report," Plaintiffs did not respond. *Id.* at 2. After almost two months, Defendants sent a follow-up letter reiterating the Court's Order, stating that "Defendants continue to be prepared to serve their expert report," and asking, "When do you propose to serve your expert report?" Guzman Aff., Ex. D. Approximately two weeks later, Plaintiffs responded that they anticipate serving their report by January 25, 2013 — an additional one-month delay from their previously-proposed four-month delay. *See* Guzman Aff., Ex. E. Plaintiffs have attempted to unilaterally

revise the Court-ordered schedule in this case, while providing no explanation for the delay and taking no actions to seek leave for an extension.

By contrast, Defendants have insisted on respecting the Court's timetable. Defendants disclosed the data and documents pertaining to their monitoring wells on June 1, 2012, well in advance of their July 15 deadline. And Defendants stand ready to complete and serve their expert report simultaneously with Plaintiffs', as contemplated by the Court's Order. *See* Guzman Aff., Ex. C at 2 ("The experts retained by Defendants are prepared to serve their report."); Guzman Aff., Ex. D ("Defendants continue to be prepared to serve their expert report."); Guzman Aff., Ex. E (Plaintiffs' counsel acknowledging that Defendants' waiting to serve their expert report on the same date as Plaintiffs is "consistent with the Court's orders"). Under the *Lone Pine* paradigm that this Court has imposed on this phase of discovery, in which Plaintiffs carry the burden to produce expert testimony on the element of causation, Defendants are entitled to wait to serve their report until Plaintiffs serve theirs. *See* 5/1/2012 Hr'g Tr. at 32 (Court: "The way I see it, [Plaintiffs' counsel] go[es] first and [AEC counsel] goes second"); *id.* at 21 (Court to Plaintiffs' counsel, regarding identification of contaminating chemicals: "That's your burden.").

## ARGUMENT

A party must make expert disclosures "at the times and in the sequence that the [C]ourt orders." Fed. R. Civ. P. 26(a)(2)(D). If it fails to do so, the Court may strike the disclosure and preclude its use as evidence at trial, at a hearing, or on a motion. *See id.* 37(c)(1). Preclusion is an "automatic sanction" unless the failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37 advisory committee's note; *Equant Integrations Servs., Inc. v. United Rentals (North America), Inc.*, 217 F.R.D. 113, 117 (D. Conn. 2003); *Hinton v. Patnaude*, 162 F.R.D.

4

435, 439 (N.D.N.Y. 1995) ("the opposing party need not make a motion to compel disclosure . . . as a predicate for imposition of the sanction of exclusion.").

In determining whether to permit or preclude an untimely report, courts may consider the following factors:

> (1) the reason for the failure to timely disclose, (2) the importance of the testimony, (3) potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice.

*Lent v. Signature Truck Sys., Inc.*, No. 06-CV-569S, 2011 WL 4575312, at *3 (W.D.N.Y. Sept. 30, 2011).  No showing of bad faith is required.  *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).

Taken together, the above factors weigh in favor of precluding Plaintiffs' expert report. As to the first factor, Plaintiffs have offered no explanation whatsoever for insisting on a four-month delay without first seeking leave from the Court to amend the Modified Scheduling Order. This is a plain case of disregard for the Court's schedule.  This conduct is consistent with the way Plaintiffs' counsel has treated other deadlines and rules governing the case and should not be tolerated.  *See* 5/1/2012 Hr'g Tr. at 4-5 (Mr. Kunkle admitting that he twice failed to comply with Rule 45's requirements and twice defectively served the same subpoena); *id.* at 5-6, 19 (the Court noting that Mr. Kunkle "put yourself and your client in a position where you're now time barred from getting answers to interrogatories" because of a failure to timely move to compel, and remarking that Plaintiffs' untimely request was not "a proper demand"); *see also* Order Dismissing Claims With Prejudice, *Strudley v. Antero Res. Corp.*, No. 2011CV2218, at 3 (D.C. Colo. May 9, 2012) (attached hereto as Ex. F to Guzman Aff.) (finding Plaintiffs to have acted "in derogation of" a court order and dismissing claims where Mr. Kunkle's expert failed to provide any expert opinion at all on specific topics of exposure, injury, and causation that the

Court "explicitly instructed" Plaintiffs' counsel to provide). Plaintiffs' lack of explanation for their delay and Plaintiffs' counsel's pattern of disobedience puts the first factor squarely in AEC's column. *See Design Strategy*, 469 F.3d at 296 (bad faith "can be taken into account as part of the party's explanation for its failure to comply.").

As to the second factor, Plaintiffs' own conduct demonstrates that the expert disclosures are not important to them. There is no other plausible interpretation of their casual behavior. Even if one were to assume that Plaintiffs' expert report is important, the second factor alone is not enough to save the report from preclusion. *See Design Strategy*, 469 F.3d at 296-97 (district court did not abuse its discretion in precluding evidence, even where the second factor favored plaintiff and the evidence "was essential to proving [its] damages"); *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, at 962-63 (2d Cir. 1997) (affirming exclusion of expert report where first, third, and fourth factors cut against plaintiff and second factor cut "only slightly in its favor").

As to the third factor, AEC has suffered prejudice from the delay and uncertainty, including the cost of this "motion[] to preclude and the continuing delay in the closure of discovery." *Dimensional Sound, Inc. v. Rutgers Univ.*, No. 92 Civ. 2350 (DLC), 1996 WL 11244, at *6 (S.D.N.Y. Jan. 10, 1996). Plaintiffs should not be permitted to leave their unfounded allegations in the public realm without making a genuine effort to prosecute their case. "[E]xpeditious management of discovery schedules is especially important in cases of this nature because they require extensive expert involvement over lengthy periods of time." *Softel*, 118 F.3d at 962-63. "Unless the orders of the Court have some meaning, this litigation, with its expenses for all parties, will never be brought under control. Thus, there is a significant prejudice." *Dimensional Sound*, 1996 WL 11244, at *6.

As to the fourth factor, the mere availability of a continuance is not enough to permit unwarranted delay. "While a continuance is always possible . . . . [d]eadlines should be observed." *In re Teligent, Inc.*, 358 B.R. 45, 57 (Bankr. S.D.N.Y. 2006) (precluding expert report where court did not extend deadline for expert disclosures, plaintiff did not move for an extension, and plaintiff failed to meet burden of justifying a late report); *Softel*, 118 F.3d at 962-63 (precluding expert report and finding that fourth factor cut against plaintiff even where "no trial date had been set, and a continuance was available").

Plaintiffs have "an obligation to comply with court orders" and this Court is empowered to "provide the teeth to enforce" its orders and apply sanctions. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 16(f). Preclusion ensures that the power to sanction in "Rule 37 [is] a credible deterrent rather than a paper tiger." *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (internal quotation marks omitted). To look the other way would "be to render scheduling orders irrelevant." *See A Slice of Pie Prods., LLC v. Wayans Bros.*, 487 F. Supp. 2d 33, 39 (D. Conn. 2007); *Arnold v. Krause, Inc.*, 232 F.R.D. 58, 67-68 (W.D.N.Y. 2004) (preclusion of expert testimony and report disclosed in violation of a scheduling order is "a proper sanction") (citing cases), *aff'd*, 233 F.R.D. 126 (W.D.N.Y. 2005). In addition, the Court "must order [Plaintiffs, their attorneys,] or both to pay the reasonable expenses — including attorney's fees — incurred because of" their noncompliance with the Court's Modified Scheduling Order, and because such non-compliance was not substantially justified. Fed. R. Civ. P. 16(f)(2).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant Anschutz Exploration Corporation's motion to preclude Plaintiffs' expert report and grant attorneys fees.[1]

| | |
|---|---|
| Dated:  December 18, 2012 | By: /s/ Michael J. Guzman |
| Christopher D. Thomas | Mark C. Hansen *pro hac vice* |
| NIXON PEABODY LLP | Aaron M. Panner *pro hac vice* |
| 1300 Clinton Square | Michael J. Guzman *pro hac vice* |
| Rochester, New York 14604 | KELLOGG, HUBER, HANSEN, |
| Telephone:  (585) 263-1000 |   TODD, EVANS & FIGEL, P.L.L.C. |
| Fax:  (585) 263-1600 | 1615 M Street, N.W. |
| | Suite 400 |
| | Washington, D.C.  20036 |
| | Tel. (202) 326-7900 |
| | Fax (202) 326-7999 |

*Counsel for Anschutz Exploration Corporation*

---

[1] If the Court declines to preclude Plaintiffs' expert report, AEC requests that the Court nevertheless apply an appropriate sanction to ensure that Plaintiffs' unjustified delay does not go unpunished; for example, by requiring Plaintiffs to bear the cost of their expert's deposition. *See*, *e.g.*, *Bender v. Lowe*, No. 08 Civ. 0334 (BSJ), 2011 WL 4001147 (S.D.N.Y. Aug. 31, 2011) (imposing as sanction for untimely expert report that party bear the costs of its expert's deposition and exclusion of witness).